**Bernard S. KUBALE, Plaintiff,**

v.

**DeSOTO, INC., a Delaware corporation, Defendant.**

Civ. A. No. 91-C-966.

United States District Court,
E.D. Wisconsin.

Nov. 25, 1991.

Robert A. DuPuy, Foley & Lardner, Milwaukee, Wis., for plaintiff.

Robert H. Friebert, Friebert, Finerty & St. John, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### BACKGROUND

On August 19, 1991, plaintiff Bernard S. Kubale ("Kubale") commenced this action in Milwaukee County Circuit Court on behalf of Foley & Lardner, a law partnership, against defendant DeSoto, Inc. ("DeSoto"), a Delaware corporation. In his complaint, Kubale seeks to recover fees and expenses for legal services that Foley & Lardner allegedly provided to DeSoto at DeSoto's request between February 1989 and May 1991 (Compl. ¶ 4). Kubale brought this claim on behalf of Foley & Lardner pursuant to section 803.01(2) of the Wisconsin Statutes, which authorizes a single partner to sue on behalf of a partnership for a claim belonging to the partnership. On September 6, 1991, DeSoto removed the action to this court pursuant to Title 28 United States Code 1441, asserting that this court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332 based upon the parties' alleged diversity of citizenship (Notice of Removal ¶ 2).

Foley & Lardner is a law partnership with offices in various states, including Wisconsin and Illinois (Compl. ¶ 2), and several of its partners are citizens of the State of Illinois (Sep. 25, 1991 Kubale Aff. ("Kubale Aff.") ¶ 1). Defendant DeSoto is a corporation organized under the law of Delaware with its principal place of business in Des Plaines, Illinois (Notice of Removal ¶ 2).

Presently before this court is Kubale's September 26, 1991 motion to remand this action to state court. For the reasons below, this court grants Kubale's motion.

### ANALYSIS

In its notice of removal, DeSoto asserts that federal jurisdiction exists under the diversity statute, 28 U.S.C. § 1332. That statute restricts federal diversity jurisdiction to actions in which "the matter in

controversy exceeds the sum of $50,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332. The Supreme Court has consistently held that the diversity requirement is satisfied only by "complete diversity" of citizenship among the plaintiffs and defendants. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1991) (quoting *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Here, Kubale's demand for over $1,000,000 in damages satisfies the amount in controversy requirement (Compl. ¶ 12). The parties dispute, however, whether this action satisfies the diversity requirement. This court concludes that it does not, and accordingly remands the case to state court.

Plaintiff Kubale brought this action pursuant to Wis.Stat. § 803.01(2), which provides in part:

> A partner asserting a partnership claim may sue in the partner's own name without joining the other members of the partnership, but the partner shall indicate in the pleading that the claim asserted belongs to the partnership.

In his complaint Kubale states that he brings the claim on Foley & Lardner's behalf and that "[t]he claim belongs to Foley & Lardner" (Compl. ¶ 1). Kubale argues that this court must consider the citizenship of the individual Foley & Lardner partners, rather than Kubale's own Wisconsin citizenship, in determining whether diversity exists. Kubale points out that complete diversity is lacking because several Foley & Lardner partners are citizens of Illinois, of which state DeSoto is also a citizen.

Defendant DeSoto responds that Kubale is the authorized representative of Foley & Lardner in this action, and that this court must consider only Kubale's citizenship, and not that of the individual Foley & Lardner partners, in determining whether diversity of citizenship exists. DeSoto concludes that diversity exists because Kubale does not share Illinois citizenship with DeSoto. This court is unconvinced by DeSoto's argument.

The Supreme Court has established that the relevant citizens for diversity purposes must be "real and substantial parties to the controversy." *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 1781, 64 L.Ed.2d 425 (1980) (quoted in *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir.1990)). As a result of this rule, the Court of Appeals for the Seventh Circuit has observed, "it has generally been held that federal courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists." *Northern Trust*, 899 F.2d at 594. In *Northern Trust*, the plaintiff Northern Trust brought suit as a nominal party on behalf of former shareholders of Lauhoff Corporation who had sold their shares to defendant Bunge Corp. During oral argument, the court of appeals questioned the parties about the possibility that one of the sellers of Lauhoff stock might have had common domicile with Bunge at the time suit was filed. *Id.* at 593. Following briefing on the issue, the court of appeals dismissed the action for lack of subject matter jurisdiction, holding that the citizenship of the individual shareholders, and not that of their nominal representative Northern Trust, was relevant for diversity purposes. *Id.* at 596.

The court of appeals found support for this rule in two provisions of the diversity statute itself and in the Supreme Court's recent decision in *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1991). First, the court of appeals noted that 28 U.S.C. § 1332(c)(1) provides that in direct actions against insurers—whether incorporated or unincorporated—in which the insured is not joined as a party-defendant, the insurers are deemed to be citizens of the same state as their insureds. *Northern Trust*, 899 F.2d at 594. Second, the court noted that 28 U.S.C. § 1332(c)(2) provides that legal representatives of estates of decedents, infants, or incompetents are deemed to be citizens of the same state as the decedents, infants, or incompetents. *Id.* Finally, the court cited *Carden* for the proposition that the citizenship of unincorporated business

associations, such as partnerships, is determined by the citizenship of the individual partners for diversity purposes. *Id.; see also Carden,* 494 U.S. at 195, 110 S.Ct. at 1021.

In ruling that the relevant citizenship was determined by the citizenships of the individual sellers rather than their appointed representative, the court of appeals in *Northern Trust* distinguished *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), and *F. & H.R. Farman–Farmaian Consulting Engineers Firm v. Harza Engineering Co.,* 882 F.2d 281 (7th Cir.1989), upon which authorities DeSoto relies in opposing Kubale's motion to remand. The court of appeals interpreted *Navarro* narrowly, by stating that:

> *Navarro* merely holds that trustees who have legal title to trust property and who sue in their own names are the proper parties to consider in testing diversity.

*Northern Trust,* 899 F.2d at 595. The court of appeals also essentially limited its ruling in *Harza* to its facts. In *Harza* the plaintiff, Mr. Farman–Farmaian, was a former shareholder and director of an Iranian corporation that had been expropriated during the Iranian Revolution. He brought suit on behalf of himself and other former shareholders to recover a debt that an American corporation owed to the Iranian corporation. The court of appeals in *Harza* held that plaintiffs could establish the existence of complete diversity on the basis of Farman–Farmaian's citizenship alone rather than that of all the former owners of the corporation's stock. *Harza,* 882 F.2d at 285; *Northern Trust,* 899 F.2d at 595. In *Northern Trust,* however, the court of appeals pointed out that its holding in *Harza* must be limited to the exceptional facts of that case:

> This holding [in *Harza* ] was based, however, on the principle that expropriated corporations continue to exist for purposes of United States suits, and that

such suits may be prosecuted in the name of a representative "in order to obviate disputes over the corporation's capacity arising from the ambiguous status created by the expropriation." [*Harza,* 882 F.2d] at 285. Thus, *Harza* is merely an example of a suit by a corporation to recover a debt owed to the corporation.

*Northern Trust,* 899 F.2d at 595–96.

This court finds the instant action more analogous to *Northern Trust* than to *Navarro* or *Harza.* Like the plaintiff in *Northern Trust,* Kubale is suing in a representative capacity and not in his individual capacity. Unlike the plaintiff trustees in *Navarro,* Kubale alleges that he does not have legal title to the debts that he seeks to recover in this action. Finally, unlike the director-shareholder representative plaintiff in *Harza,* Kubale does not seek to recover a corporate debt in this action. Thus, the fact that Wis. Stat. § 803.01(2) permits Kubale alone to sue to recover a debt owed to his partnership does not alter the basic rule that this court "must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists." *Northern Trust,* 899 F.2d at 594.

Inquiry into the citizenship of the partnership rather than that of the representative partner makes better sense in cases brought under Wis.Stat. 803.01(2); otherwise, a partnership proceeding under that statute could create or destroy federal jurisdiction by craftily choosing its partnership representative.

Under the *Northern Trust* rule, diversity does not exist here. Foley & Lardner's citizenship for diversity purposes is that of its individual partners, *see Carden,* 494 U.S. at 195, 110 S.Ct. at 1021, and some of Foley & Lardner's partners are citizens of Illinois. Foley & Lardner therefore shares Illinois citizenship with DeSoto for diversity purposes,[1] and this court is without jurisdiction to decide this case. Accordingly,

---

1. The parties do not dispute that DeSoto is a citizen of Delaware and Illinois for purposes of determining whether diversity jurisdiction exists. *See* 28 U.S.C. § 1332(c)(1) (corporations are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business); *see also Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591, 594 (7th Cir.1990).

this court must grant plaintiff Kubale's motion to remand this action to state court.

IT IS THEREFORE ORDERED that plaintiff Bernard S. Kubale's September 26, 1991 motion to remand this action to Milwaukee County Circuit Court is GRANTED.